UNITED STATES OF AMERICA
EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

KATHRYN GARY,

Plaintiff,

DEMAND FOR JURY TRIAL

-vs-

Case No.
Hon.

UNITED WHOLESALE MORTGAGE, LLC,

Defendant.

NB: A companion case involving the same parties to this matter, *Gary v United Wholesale Mortgage*, LLC, United States District Court Case No. 25-10810 before the Hon. Robert J. White, is no longer pending and has been dismissed with prejudice.

## COMPLAINT & JURY DEMAND

### Jurisdiction

1. This action is brought under the Federal Real Estate Settlement Procedures Act ("R.E.S.P.A."), 12 U.S.C. §2605, and this court has jurisdiction pursuant to and 28 U.S.C. §§ 1331, 1337; this court, as such, may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims under 28 U.S.C. § 1367.

2. This court has federal question jurisdiction under the Fair Credit Reporting Act, 15 U.S.C. §1681 and 28 U.S.C. §§1331, 1337.

3. This Court may take supplemental jurisdiction over the state law claims set forth in this pleading.

**Venue**

4. The transactions and occurrences which give rise to this action occurred in Wayne County, Michigan.

5. Venue is proper in the Eastern District of Michigan.

**Parties**

6. Kathryn Gary is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq* ("FCRA") at §1681a(c).

7. The Defendant to this action is United Wholesale Mortgage, LLC ("United Wholesale Mortgage, LLC"), a furnisher of information as contemplated by the Fair Credit Reporting Act ("FCRA")15 U.S.C. §1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

## General Factual Allegations

8. On May 13, 2024, Plaintiff sent a qualified written request to UNITED WHOLESALE MORTGAGE, LLC which included name, loan number and the property address; the qualified written request indicated a statement of the reason for the belief that there were errors with her billing; and requested in sufficient detail that the Defendant provide specific information so that Plaintiff could determine the exact nature of the disputed items.

9. Defendant received a copy of the qualified written request.

10. Despite its receipt of the qualified written request, Defendant, UNITED WHOLESALE MORTGAGE, LLC, refused to lawfully and properly respond to the qualified written request and continued to attempt to collect money not owed by the Plaintiff.

11. UNITED WHOLESALE MORTGAGE, LLC failed to conduct the necessary investigation into the disputes tendered by Plaintiff in violation of RESPA, and, as such, UNITED WHOLESALE MORTGAGE, LLC continued with its collection against Plaintiff and subjected Plaintiff to additional illegal charges and fees.

12. Plaintiff discovered false information on one or more of her consumer reports being reported by United Wholesale Mortgage, LLC ("United Wholesale Mortgage, LLC false information") .

13. Ms. Gary disputed the United Wholesale Mortgage, LLC false information by transmitting actual notice of her dispute along with an adequate description and explanation to each of the major credit reporting agencies.

14. Ms. Gary requested that the credit reporting agencies reinvestigate and correct the United Wholesale Mortgage, LLC false information as envisioned by 15 U.S.C. § 1681i.

15. Ms. Gary's request for reinvestigation included sufficient information to provide actual notice that the United Wholesale Mortgage, LLC false information was inaccurate and the source of information was not reliable.

16. One or more credit reporting agencies responded to this dispute from Ms. Gary by requesting verification of the United Wholesale Mortgage, LLC false information from United Wholesale Mortgage, LLC.

17. United Wholesale Mortgage, LLC responded to the reinvestigation request by verifying the United Wholesale Mortgage, LLC false information.

18. United Wholesale Mortgage, LLC failed to reasonably reinvestigate under 15 U.S.C. § 1681s-2(b) and this failure was willful.

19. As a result of United Wholesale Mortgage, LLC's willful failure to abide by 15 U.S.C. § 1681s-2(b), Plaintiff has suffered and continues to suffer damages.

**COUNT I – R.E.S.P.A. 12 U.S.C. § 2601 *et seq.***

**(UNITED WHOLESALE MORTGAGE, LLC)**

20. Plaintiff incorporates the preceding allegations by reference.

21. R.E.S.P.A. applies to federally regulated mortgage loans, which include subordinate liens and loans used to payoff an existing loan secured by the same property;

22. The transactions described herein involve a federally regulated mortgage loan.

23. UNITED WHOLESALE MORTGAGE, LLC willfully violated the R.E.S.P.A. in one or more of the following ways, by example only and without limitation:

    a. By failing to make appropriate corrections in the account of the Plaintiff and failing to transmit written notification of such correction to the Plaintiff(12 U.S.C. §2605(e)(2)(A));

    b. By failing to provide the Plaintiff with a written explanation or clarification that includes a statement of the reasons that UNITED WHOLESALE MORTGAGE, LLC believed the account of the Plaintiff to be correct and the name and telephone number of an individual

employed by Defendant who could provide assistance to the Plaintiff(12 U.S.C. §2605(e)(2)(B));

c. By failing to provide the Plaintiff with a written explanation or clarification that included the information requested by the Plaintiff or an explanation of why the information requested was unavailable or could not be obtained by UNITED WHOLESALE MORTGAGE, LLC and the name and telephone number of an individual who could provide assistance to the Plaintiff (12 U.S.C. §2605(e)(2)[c]; and

d. By providing, upon information and belief, information regarding any overdue payment owed by the Plaintiff and relating to the period described in the qualified written request to a consumer reporting agency during the 60 day period which began on the date of UNITED WHOLESALE MORTGAGE, LLC's receipt of the qualified written request (12 U.S.C. § 2605(e)(3).

24. As a result of these violations, the Plaintiff suffered damages of an economic and non-economic nature; specifically, she had to pay excessive amounts.

**COUNT II – Fair Credit Reporting Act (United Wholesale Mortgage, LLC)**

25. Ms. Gary incorporates the preceding allegations by reference.

26. United Wholesale Mortgage, LLC was required under 15 U.S.C. § 1681s-2(b), to respond to the request for reinvestigation initiated by Ms. Gary through one or more credit reporting agencies by completing an inquiry into the facts underlying the trade-line and providing accurate information to the credit reporting agencies regarding that trade-line.

27. In the event that United Wholesale Mortgage, LLC was unable to verify the information which it had reported after a reasonable reinvestigation, United Wholesale Mortgage, LLC was required to advise the credit reporting agency of this fact.

28. United Wholesale Mortgage, LLC did not conduct a reasonable reinvestigation but after the time had elapsed to do so, continued to report the United Wholesale Mortgage, LLC false information with actual knowledge of errors, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

29. United Wholesale Mortgage, LLC did not conduct a reasonable reinvestigation, and continued to report the United Wholesale Mortgage, LLC false information and consciously avoided knowing that the credit information was inaccurate, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

30. Following dispatch of notice directly to United Wholesale Mortgage, LLC, United Wholesale Mortgage, LLC reported credit information that was not in fact accurate, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

31. Following the dispatch of direct notice to United Wholesale Mortgage, LLC, United Wholesale Mortgage, LLC failed to notify the consumer reporting agencies to whom it reported credit information that the debt was disputed, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

32. United Wholesale Mortgage, LLC willfully refused to properly put in place adequate procedures to reinvestigate the inaccuracies in Ms. Gary's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

33. In the alternative, United Wholesale Mortgage, LLC negligently failed to put in place procedures to complete an adequate reinvestigation of disputed credit information in violation of 15 U.S.C. §§ 1681s-2(b) and 168o.

34. United Wholesale Mortgage, LLC willfully refused to properly reinvestigate the inaccuracies in Ms. Gary's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

35. In the alternative, United Wholesale Mortgage, LLC negligently failed to conduct a proper reinvestigation of Ms. Gary's credit reporting dispute in violation of 15 U.S.C. §§ 1681s-2(b) and 1681o.

36. Ms. Gary has suffered damages as a result of these violations of the FCRA.

**COUNT III – Intentional Infliction of Emotional Distress**

**(United Wholesale Mortgage, LLC)**

37. Plaintiff incorporates the preceding allegations by reference.

38. United Wholesale Mortgage, LLC's conduct in defaming the good name and credit of Plaintiff constituted extreme and outrageous conduct.

39. United Wholesale Mortgage, LLC intentionally defamed the good name and credit of the Plaintiff, and did so with reckless disregard of the possible consequences to Plaintiff.

40. United Wholesale Mortgage, LLC's conduct in defaming the good name and credit of Plaintiff directly and proximately caused emotional distress to the Plaintiff.

41. Plaintiff has suffered damages as a result of the conduct of United Wholesale Mortgage, LLC.

**COUNT IV – Negligence**

**(United Wholesale Mortgage, LLC)**

42. Plaintiff incorporates the preceding allegations by reference.

43. United Wholesale Mortgage, LLC owed Plaintiff a duty to refrain from unreasonable conduct which could foreseeably cause damage to Plaintiff's person or property.

44. United Wholesale Mortgage, LLC's publication of false and inaccurate credit information on Plaintiff's credit report was unreasonable.

45. Plaintiff has suffered foreseeable damages as a result of this unreasonable publication of false and inaccurate credit information by United Wholesale Mortgage, LLC.

**COUNT V– Negligence *Per Se***

**(United Wholesale Mortgage, LLC)**

46. Plaintiff incorporates the preceding allegations by reference.

47. United Wholesale Mortgage, LLC's actions in publishing false and inaccurate credit information on Plaintiff's credit report was in violation of express duties under the FCRA.

48. Those unreasonable actions were *per* se unreasonable.

49. Plaintiff has suffered damages as a result of this *per se* unreasonable publication of false and inaccurate credit information by United Wholesale Mortgage, LLC.

**COUNT VI – Defamation by Libel**

**(United Wholesale Mortgage, LLC)**

50. Plaintiff incorporates the preceding allegations by reference.

51. United Wholesale Mortgage, LLC's written publications of the trade lines on Plaintiff's credit report were false and defamatory.

52. United Wholesale Mortgage, LLC's publications were not privileged communications.

53. United Wholesale Mortgage, LLC's publications of the trade lines on Plaintiff's credit report were made negligently, with reckless disregard to their falsity, or maliciously.

54. The statements were *per se* defamatory.

55. Plaintiff has suffered special damages including loss of creditworthiness as a result of the publication of the defamatory statements.

56. Plaintiff has suffered emotional distress as a result of the publication of the defamatory statements.

**COUNT VII – Malicious Statutory Libel**

**(United Wholesale Mortgage, LLC)**

57. Plaintiff incorporates the preceding allegations by reference.

58. The inaccurate credit information was published with malice or ill-will.

59. Plaintiff has suffered damages as a result of this malicious libel by United Wholesale Mortgage, LLC in violation of M.C.L. § 600.2911.

60. Plaintiff is entitled to actual and punitive damages as a result of this malicious liable under the provisions of M.C.L. § 600.2911.

**Demand for Jury Trial**

61. Plaintiff demands trial by jury in this action.

**Demand For Judgment for Relief**

*ACCORDINGLY,* Plaintiff requests *that this Court:*

*a. Assume jurisdiction over all claims;.*

*b. Award actual damages.*

*c. Award statutory damages.*

*d. Award punitive damages.*

*e. Award statutory costs and attorney fees.*

Respectfully Submitted,

ADAM G. TAUB & ASSOCIATES
CONSUMER LAW GROUP, PLC

By: /s/ Adam G. Taub
Adam G. Taub (P48703)
Attorney for Kathryn Gary
17200 West 10 Mile Rd. Suite 200
Southfield, MI 48075
Phone: (248) 746-3790
Email: adamgtaub@clgplc.net

Dated: October 6, 2026